UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DAVID MATTHEWS                                                     PETITIONER

*vs*.                                         CIVIL ACTION NO. 3:99CV-P91-H

PHILIP PARKER                                                   RESPONDENT

**MEMORANDUM OPINION AND ORDER**

**I.  INTRODUCTION**

On February 12, 1999, the petitioner, David Matthews, sought habeas corpus relief pursuant to 28 U.S.C. § 2254 (DN 23).  In August of that year, he sought an evidentiary hearing with respect to the following four areas:  ineffective assistance of counsel at the guilt phase, ineffective assistance at the penalty phase, claims arising out of the alleged suppression of materials held by the Jefferson County Jail (regarding Mellaril), and ineffective assistance of appellate counsel (DN 52).  This court granted the motion to the extent that he sought a hearing on his ineffective assistance of appellate counsel claim but denied the motion in all other respects (DN 87).  After Matthews filed objections to that decision (DN 88), this court indicated that it would possibly reconsider its prior order (DN 108).  Before reconsideration could occur, however, the entire case was dismissed on other grounds, specifically, that Matthews had presented the court with a mixed petition (DN 170).

Matthews appealed the dismissal of his petition.  Because there had been a change in the applicable precedent between the dismissal of his case and appellate review, the Sixth Circuit remanded the case for reconsideration of the petition on its merits (DN 188).  Following remand, this court held a status conference.  At the conference, Matthews's counsel stated that no outstanding issues prevented the court from considering the petition on its merits (DN 195).  In drafting the report and recommendation, however, this court has concluded that reconsideration

of Matthews's request for an evidentiary hearing remained outstanding. Some discovery requests likewise remain outstanding. *See* DNs 69 and 108. For the reasons set forth below, this court will partially vacate its prior order denying his request for an evidentiary hearing and grant his request for a hearing with respect to claims premised on ineffective assistance of counsel at the guilt and penalty phases of his trial.[1] By separate order, this court will address Matthews's outstanding discovery requests.

## II. POSTCONVICTION PROCEDURAL HISTORY

As the Supreme Court of Kentucky accurately noted, the postconviction procedural history as to Matthews's challenge to his conviction and sentence can best be described as "tortuous." *Commonwealth v. Conliff*, No. 92-SC-732-OA, slip op. at 2 (Ky. Apr. 23, 1993). Nonetheless, some summary is needed. On December 9, 1986, Matthews filed his original motion to vacate judgment pursuant to Rule 11.42 of the Kentucky Rules of Criminal Procedure (St. Ct. Rec., Vol. III, pp. 390-97). He also sought an evidentiary hearing. The motion lay dormant for three and a half years until June of 1990 when the Commonwealth filed a supplemental response. *Id.* at 414-24. On August 10, 1990, without providing Matthews an evidentiary hearing, Judge Shobe (the original trial judge) overruled the Rule 11.42 motion in a one-sentence order. *Id.* at 425.

Matthews next filed a motion for enlargement of time for seeking reconsideration of the trial court's Rule 11.42 decision and for filing an appeal to the Supreme Court of Kentucky (St. Ct. Rec., Vol. III, pp. 436-39). On October 1, 1990, Matthews filed a motion to amend his previously denied Rule 11.42 motion, a motion to reconsider the circuit court's denial of his

---

[1]The court declines to vacate its decision with respect to the Mellaril issue.

Rule 11.42 motion to which he attached numerous documents, and a motion to hold the previously denied Rule 11.42 motion in abeyance (St. Ct. Rec., Vol. IV, pp. 451-85). Though the Commonwealth argued that the court had previously denied the motion, on December 23, 1991–more than a year after the initial Rule 11.42 denial–Judge Shobe entered an order that vacated Matthews's death sentence (St. Ct. Rec., Vol. V, pp. 702-03). Judge Shobe held that Matthews was entitled to a new sentencing proceeding because the trial court had used the word "recommend" when instructing the jury during the penalty phase of Matthews's trial. On February 18, 1992, the Commonwealth sought reconsideration of that order, but the trial court denied the motion.[2] *Id.* at 744-45.

On February 24, 1992, the Commonwealth filed an original action in the Supreme Court of Kentucky, seeking an order to set aside the trial court's December 23, 1991, order that vacated Matthews's sentence and ordered a new penalty hearing (St. Ct. Rec., Vol. V, pp. 747-51). On December 17, 1992, the Supreme Court of Kentucky held that Judge Shobe's order, vacating the sentence, was void and reinstated the original judgment and death sentence (St. Ct. Rec., Vol. VI, pp. 764-70, 775). On November 23, 1994, the Supreme Court of Kentucky remanded the matter to Jefferson Circuit Court for immediate ruling on Matthews's pending motion for reconsideration of the trial court first order overruling Matthews's Rule 11.42 motion. *Id.* at 776. On July 29, 1996, the circuit court denied the motion, thus leaving in place the August 10, 1999, decision overruling Matthews's Rule 11.42 motion. *Id.* at 882-90.

Matthews next appealed the circuit court's denial of his Rule 11.42 motion to the Supreme Court of Kentucky. On November 27, 1997, the Supreme Court of Kentucky affirmed

---

[2]Due to Judge Shobe's retirement, the matter was submitted to another judge, who ruled on the Commonwealth's motion for reconsideration.

3

the trial court's decision to deny him relief. *Matthews v. Commonwealth*, Case No. 96-SC-805-MR (Ky. Nov. 27, 1997). On March 19, 1998, the Supreme Court of Kentucky denied his motion for a rehearing, and on October 5, 1998, the U.S. Supreme Court denied his petition for a writ of certiorari review. Matthews then brought his claims to this federal forum. It is noteworthy that in the period from 1996 to 1998, when Matthews's Rule 11.42 motion was in the Kentucky courts, no state court ever held an evidentiary hearing on any of Matthews's claims.

### III. ANALYSIS

In addressing whether the court should reconsider its previous denial of Matthews's request for an evidentiary hearing, the court must consider the following two questions: (1) whether § 2254(e)(2) bars such a hearing because Matthews failed to develop the factual basis of his claims in state court; and (2) if § 2254(e)(2) does not bar his request, whether he is otherwise entitled to such a hearing.

The court can easily dispense with the first issue. To determine whether § 2254(e)(2) bars Matthews's request, this court first looks to the statute itself, which provides in part:

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
>     (A) the claim relies on--
>         (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>         (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>     (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

In *Michael Wayne Williams v. Taylor*, 529 U.S. 420 (2000) (hereafter "(*Michael*) Williams*"), the U.S. Supreme Court clarified this statutory framework.[3] When addressing a petitioner's request for an evidentiary hearing, a district court must first decide "whether the factual basis [for each claim] was indeed developed in state court, a question susceptible, in the normal course, of a simple yes or no answer." (*Michael*) *Williams*, 529 U.S. at 431. If the factual basis for a particular claim was developed, then no evidentiary hearing with respect to that claim is necessary. However, if the factual basis was not developed in state court, then a district court reviews the petitioner's actions to determine if he "'failed to develop the factual basis of a claim in State court proceedings.'" *Id.* at 431 (quoting § 2254(e)(2)).

To determine if the petitioner failed to develop the factual basis of the claim, a district court must review the petitioner's "efforts in state court." *Id.* If the petitioner "did not 'fail to develop' the claim in state court, the statute does not bar an evidentiary hearing." *Thompson v. Bell*, 315 F.3d 566, 594 (6th Cir. 2003) (emphasis added). The failure to develop the factual

---

[3]It is also important to note that the Supreme Court clarified the standard of review as it applied to claims which had never been raised in state court. After analyzing the particular requests for an evidentiary hearing in light of the appropriate standard of review, the Supreme Court discussed the "cause and prejudice" standard for procedurally defaulted claims and stated:

> Our analysis should suffice to establish cause for any procedural default petitioner may have committed in not presenting these claims to the Virginia courts in the first instance. Questions regarding the standard for determining prejudice that petitioner must establish to obtain relief on these claims can be addressed by the Court of Appeals or the District Court in the course of further proceedings.

(*Michael*) *Williams,* 529 U.S. at 444. This is similar to what other courts have said regarding discovery relating to claims that have purportedly been procedurally defaulted. *See, e.g., Payne v. Bell*, 89 F.Supp.2d 967, 970 (W.D. Tenn. 2000) (holding that a petitioner may seek discovery "to develop those claims which are properly before the court, *to obtain a factual basis on which to excuse procedural default*, or to determine whether to request an evidentiary hearing") (emphasis added).

5

basis of claim must reflect a "lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." (*Michael*) *Williams*, 529 U.S. at 432.  As the Supreme Court observed:

> To say a person has failed in a duty implies he did not take the necessary steps to fulfill it.  He is as a consequence, at fault and bears responsibility for the failure.  In this sense, a person is not at fault when his diligent efforts to perform an act are thwarted, for example, by the conduct of another or by happenstance.

*Id.*  Moreover, the question is not whether the facts could have been discovered but instead whether the prisoner was diligent in his efforts.  The purpose of the fault component of "failed" is to insure the prisoner undertakes his own diligent search for evidence.  Diligence for purposes of § 2254(e)(2) depends upon whether the petitioner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court; it does not depend upon whether those efforts could have been successful.  To satisfy the diligence requirement, in the usual case a petitioner must "at a minimum seek an evidentiary hearing in state court in the manner prescribed by state law." *Id.* at 437.

> Comity . . . dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief.  For state courts to have their rightful opportunity to adjudicate federal rights, the prisoner must be diligent in developing the record and presenting, if possible, all claims of constitutional error.  If the prisoner fails to do so, himself or herself contributing to the absence of a full and fair adjudication in state court, § 2254(e)(2) prohibits an evidentiary hearing to develop the relevant claims in federal court, unless the statute's other stringent requirements are met.

(*Michael*) *Williams*, 529 U.S. at 437 (internal citations and quotation marks omitted).

If the petitioner did fail to develop the claim in state court, he must show compliance with §§ 2254(e)(2)(A) and (B) to warrant an evidentiary hearing.  (*Michael*) *Williams*, 529 U.S. at 435 ("Though lack of diligence will not bar an evidentiary hearing if efforts to discover the

6

facts would have been in vain, *see* § 2254(e)(2)(A)(ii), and there is a convincing claim of innocence, *see* § 2254(e)(2)(B), only a prisoner who has neglected his rights in state court need satisfy these conditions."). In summary, (*Michael*) *Williams* essentially sets forth a two-pronged test with respect to the opening clause of § 2254(e)(2). First, a reviewing court must determine if the factual basis of the claim has been developed in state courts. And second, if the claim has not been developed, the court must determine whether the petitioner was diligent in his efforts to develop the factual basis of that claim.

Turning to the particular claims advanced here–ineffective assistance of counsel at the guilt and penalty phases of Matthews's trial–this court concludes that the factual basis of these claims were not developed in state court and that the failure to develop them was not Matthews's fault. Matthews did indeed seek an evidentiary hearing from the trial court. The trial court saw no need for one and the appellate court agreed with that assessment; consequently, no factual basis was ever developed in a state postconviction evidentiary hearing.

If the petitioner did not fail to develop the facts, then the district court may hold an evidentiary hearing, *Moss v. Hofbauer*, 286 F.3d 851, 859 (6th Cir. 2002) (citing *Greer v. Mitchell*, 264 F.3d 663 (6th Cir. 2001)), but the petitioner is not automatically entitled to one. *Bowling v. Parker*, 344 F.3d. 487, 512 (6th Cir. 2003) (recognizing that "the fact that Bowling is not disqualified from receiving an evidentiary hearing under § 2254(e)(2) does not entitle him to one"); *see also McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998) ("Consistent with AEDPA's goal of streamlining the habeas process, § 2254(e)(2) specifies the situations where evidentiary hearings are *allowed*, not where they are *required*.") (original emphasis); *Jackson v. Anderson,* 141 F.Supp.2d 811, 828 (N.D. Ohio 2001) (same). The Sixth Circuit has recognized "the discretion and 'inherent authority that a district court always has in habeas cases to order

evidentiary hearings to settle disputed issues of material fact.'" *Sawyer v. Hofbauer*, 299 F.3d 605, 609-10 (6th Cir. 2002) (quoting *Abdur'Rahman v. Bell*, 226 F.3d 696, 706 (6th Cir. 2002)). Yet, it has held that a petitioner is not entitled to an evidentiary hearing unless he can successfully establish the following three criteria: (1) that the petitioner alleges sufficient grounds for release, (2) that relevant facts are in dispute, and (3) that the state courts did not hold a full and fair evidentiary hearing. *Sawyer*, 299 F.3d at 610-11 (quoting *Stanford v. Parker*, 266 F.3d 442, 459 (6th Cir. 2001) (citations omitted)). When deciding whether an evidentiary hearing is warranted, a district court must examine the elements of the underlying claim in light of the criteria identified above. *Id.*

The Sixth Circuit further cautioned a petitioner that his "'bald assertions and conclusory allegations do not provide sufficient ground to warrant . . . an evidentiary hearing." *Bowling*, 344 F.3d at 512 (quoting *Stanford v. Parker*, 266 F.3d at 460) (citation omitted). Rather, a petitioner must put forth "some evidence" in support of the particular theory he advances, the absence of which justifies the denial of an evidentiary hearing. *Id*. ("Without some evidence in support of Bowling's implausible theory of the case . . . we cannot say that the district court's decision to deny an evidentiary hearing was an abuse of discretion."). Nevertheless, the Sixth Circuit has held that "'a district court does have the inherent authority to order an evidentiary hearing even if the factors requiring an evidentiary hearing are absent.'" *Harries v. Bell*, 417 F.3d 631, 635 (6th Cir. 2005) (quoting *Abdur'Rahman*, 226 F.3d at 705).

Matthews seeks an evidentiary hearing with respect to his ineffective assistance of counsel claims at both the guilt and penalty phases of his trial. Matthews easily meets the second and third criteria set forth above to justify an evidentiary hearing. Counsel for both

parties concede, and this court agrees, that relevant facts are in dispute. And the state courts did not hold a full and fair evidentiary hearing; there was no hearing at all.

As for the first criterion (are there sufficient grounds for release), Matthews argues, for example, that trial counsel failed to investigate, prepare, and present evidence at both the guilt and penalty phases of his trial to support his defense of extreme emotional disturbance and ultimately to mitigate punishment. The standard for reviewing a claim of ineffective assistance of counsel is set forth in the seminal case of *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* sets forth the following two-pronged test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Id.* at 687. This court concludes that Matthews has put forth "some evidence" to support his particular claims that he was denied effective assistance of counsel at trial. Equally important is the fact that the record before this court is "inadequate for a meaningful review" of the ineffective assistance of counsel claims. *Mason v. Mitchell*, 320 F.3d 604, 624 (6th Cir. 2003). For this court to evaluate the pending issues concerning trial counsel's effectiveness, it must know more about trial counsel's investigation and preparation of the evidence in their defense of Matthews.

## IV.  CONCLUSION

In light of the foregoing, this court concludes that Matthews is entitled to an evidentiary hearing on his ineffective assistance of counsel claims.  Accordingly, **IT IS HEREBY ORDERED** that this court's March 29, 2000, decision (DN 87) denying Matthews's motion for a hearing on these claims is **VACATED in part** and the original motion (DN 52) is **GRANTED in part** to the extent that Matthews seeks an evidentiary hearing regarding claims of ineffective assistance of counsel at the guilt and penalty phases of his trial.

**IT IS FURTHER ORDERED** that this matter is set for a telephonic conference on **Thursday, October 13, 2005, at 11:00 a.m. (EST)** to discuss scheduling the evidentiary hearing.  Mr. Matthews may appear telephonically.  If he chooses to participate, his counsel shall make the necessary arrangements with the warden for the Kentucky State Penitentiary.  No later than **Tuesday, October 11, 2005,** counsel shall provide the court with the telephone number for contacting Mr. Matthews at the institution.  That information may be faxed to chambers at 502.625.3949.

The court will initiate the telephonic conference call.

Date:

cc:    Counsel of Record
       Warden Glenn Haeberlin, Kentucky State Penitentiary
       Kate Niemann
       4412.44AN.001