UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DAVID MATTHEWS                                                    PETITIONER

vs.                                          CIVIL ACTION NO. 3:99CV-P91-H

PHILIP PARKER                                                    RESPONDENT

MEMORANDUM OPINION AND ORDER

I.  INTRODUCTION

On February 12, 1999, the petitioner, David Matthews, sought habeas corpus relief

pursuant to 28 U.S.C. § 2254 (DN 23).  In August of that year, he sought an evidentiary hearing

with respect to the following four categories of claims:  ineffective assistance of counsel at the

guilt phase of his trial, ineffective assistance of counsel at the penalty phase of his trial, claims

arising out of the alleged suppression of materials held by the Jefferson County Jail regarding

Matthews's use of Mellaril while incarcerated, and ineffective assistance of appellate counsel

(DN 52).  This court granted the motion to the extent that he sought a hearing on his ineffective

assistance of appellate counsel claim but denied the motion in all other respects (DN 87).

Matthews filed objections to that decision (DN 88), seeking review of the undersigned's

decision by the assigned district court judge, John G. Heyburn II (DN 88).  Finding the

objections to be premature, Judge Heyburn denied Matthews's request to undertake an interim

review of the undersigned's order (DN 107).  The undersigned, however, indicated that he would

reconsider his decision (DN 108).

On October 7, 2005, the undersigned signed a memorandum opinion and order that

partially granted Matthews's request for reconsideration (DN 204).  Specifically, this court

granted an evidentiary hearing on ineffective assistance of counsel ("IAC") claims concerning

the guilt and penalty phases of Matthews's trial.  It did not, however, vacate its prior decision

with respect to claims asserted in Matthews's successive state postconviction motion.  The Respondent ("the Commonwealth") has now sought reconsideration of the court's October 7, 2005, decision to grant an evidentiary hearing (DN 206).[1]  For the reasons that follow, this court will deny the motion.

## II.  THE ARGUMENTS

The Commonwealth claims that this court erred in granting Matthews's request for an evidentiary hearing.  The Commonwealth claims that it is presenting the following three arguments in support of its motion:  (1) that the court failed to address the fact that Matthews did not comply with Rule 11.42(2) of the Kentucky Rules of Criminal Procedure when seeking to vacate his sentence; (2) that no evidentiary hearing is warranted because the Supreme Court of Kentucky found some of his IAC claims to be procedurally defaulted; and (3) that some of the claims may not have been presented to the Supreme Court of Kentucky.  The substance of its motion, however, essentially advances two slightly different arguments.  First, the Commonwealth argues that claims set forth in Matthews's successive Rule 11.42 motion are procedurally defaulted and that this court failed to address whether the evidentiary hearing includes those claims.  Second, the Commonwealth argues that documents attached to state pleadings as well as Matthews's federal habeas petition were either improperly presented or not presented at all to the Supreme Court of Kentucky and have been defaulted.  As such, it

---

[1]Reconsideration of a magistrate judge's interim order is governed by 28 U.S.C. § 636(b)(1)(A) which provides that "[a] judge of this court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  Although the statute only mentions a district court judge's authority to reconsider a magistrate judge's order, during a telephonic conference held on October 27, 2005, counsel acceded to the undersigned's ruling on the motion for reconsideration.  Moreover, in the interests of justice a judge has the inherent authority to reconsider matters, particularly in a complex and serious case.

maintains that this court cannot hold an evidentiary hearing because Matthews failed to comply with state law in presenting these documents to the state courts.

Matthews responds by noting that this court did not grant an evidentiary hearing on procedurally defaulted claims set forth in his state court successive Rule 11.42 motion. As to documents the Commonwealth claims were improperly attached to state court pleadings, Matthews notes that the state courts considered those attachments when reviewing his postconviction challenge. And as to new documents attached to his federal habeas petition, Matthews argues that a petitioner does not default *facts* but only *claims*. With respect to this last argument, he argues that the documents attached to his federal habeas petition do not assert new *claims* not previously presented to the Commonwealth's highest court. Rather, he maintains that the documents merely *supplement* claims previously presented to and rejected by the Supreme Court of Kentucky. Accordingly, he asserts that the documents are properly before this court.

### III. ANALYSIS

**A.  Matthews's successive Rule 11.42 motion**

Turning first to the Commonwealth's claim that this court erred in permitting a hearing on claims asserted in Matthews's successive collateral attack motion, this court specifically held that it would not conduct an evidentiary hearing vis-à-vis claims surrounding what the parties and this court have referred to as the Mellaril issues. Those arguments were the subject of Matthews's amended petition in this court and resulted in this court's decision to dismiss his action because the amended petition presented the court with a mixed petition. When Matthews took these specific arguments to the state court in a successive collateral attack, the Supreme Court of Kentucky rejected them as procedurally barred. Because this court has not granted an evidentiary hearing on these claims, the Commonwealth's argument is without merit.

3

**B. Attachments to state postconviction documents and the federal habeas petition**

The Commonwealth next objects to an evidentiary hearing in this court because it maintains that documents attached to the federal habeas petition were improperly filed in both the state and federal courts.  Because this court must undertake different analyses when addressing documents filed in the two fora, it will separately analyze the Commonwealth's objections.

**1.  Documents attached to state court pleadings**

With respect to the documents presented to the state courts, the Commonwealth appears to argue that they were not properly before the state courts because they were not attached to Matthews's original Rule 11.42 motion.  It notes that under Rule 11.42, a petitioner is required to set forth the factual basis of his claims in state court.  It maintains that if a federal habeas petitioner fails to comply with a state procedural rule, then he is not entitled to an evidentiary hearing in federal court.  This is precisely what the Commonwealth claims happened with Matthews's postconviction attack.  This specific argument appears to be directed at this court's conclusion that Matthews did not fail to develop the factual basis of his claim in state court so as to remove him from having to meet the more stringent requirements of 28 U.S.C. § 2254(e)(2), which governs evidentiary hearings in federal court.[2]  It is important to note what the

---

[2]Under § 2254(e)(2), if a petitioner failed to develop that factual basis of his claims in state court, to merit an evidentiary hearing in federal court he must show that--

> (A) the claim relies on--
>    (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>    (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable

(continued...)

Commonwealth is <u>not</u> arguing, namely, that Matthews failed to present the *claims* for which the documents provide evidentiary support.[3]

To garner a better understanding of the Commonwealth's argument, it is helpful to provide a summary of the postconviction procedural history of Matthews's various challenges in state court.  On December 9, 1986, Matthews filed his original motion to vacate judgment pursuant to Rule 11.42 of the Kentucky Rules of Criminal Procedure (St. Ct. Rec., Vol. III, pp. 390-97).  In his motion, he sought an evidentiary hearing.  The motion lay dormant for three and a half years until June of 1990 when the Commonwealth filed a supplemental response.  *Id.* at 414-24.  On August 10, 1990, without providing Matthews an evidentiary hearing, Judge Shobe (the original trial judge) overruled the Rule 11.42 motion in a one-sentence order.  *Id.* at 425.

Matthews next filed a motion for enlargement of time for seeking reconsideration of the trial court's Rule 11.42 decision and for filing an appeal to the Supreme Court of Kentucky (St. Ct. Rec., Vol. III, pp. 436-39).  On October 1, 1990, Matthews filed a motion to *amend* his previously denied Rule 11.42 motion, a motion to *reconsider* the circuit court's denial of his Rule 11.42 motion to which he attached numerous documents, and a motion to hold the previously denied Rule 11.42 motion in abeyance (St. Ct. Rec., Vol. IV, pp. 451-580).  Though the Commonwealth argued that the court had previously denied the motion, on December 23,

_____

[2](...continued)
factfinder would have found the applicant guilty of the underlying offense.

[3]Nor could the Commonwealth make that argument as the first section of Matthews's postconviction appellate brief was devoted to claims premised on ineffective assistance of counsel at both stages of his trial, which included but was not limited to his belief that counsel was ineffective for failing to investigate, prepare, and present evidence of intoxication and extreme emotional disturbance.  *Matthews v. Commonwealth*, 96-SC- 805 (Pet.'s Br. 8-36).  Matthews also appealed the fact that he was never given an evidentiary hearing by the state trial court.  *Id.* at 48-50.

5

1991–more than a year after the initial Rule 11.42 denial–Judge Shobe entered an order that vacated Matthews's death sentence (St. Ct. Rec., Vol. V, pp. 702-03). Judge Shobe held that Matthews was entitled to a new sentencing proceeding because the trial court had used the word "recommend" when instructing the jury during the penalty phase of Matthews's trial. On February 18, 1992, the Commonwealth sought reconsideration of that order, but the trial court denied the motion.[4] *Id.* at 744-45.

On February 24, 1992, the Commonwealth filed an original action in the Supreme Court of Kentucky, seeking to set aside the trial court's December 23, 1991 order which vacated Matthews's sentence and ordered a new penalty hearing (St. Ct. Rec., Vol. V, pp. 747-51). On December 17, 1992, the Supreme Court of Kentucky held that Judge Shobe's order, vacating the sentence, was void and reinstated the original judgment and death sentence (St. Ct. Rec., Vol. VI, pp. 764-70, 775). On November 23, 1994, the Supreme Court of Kentucky remanded the matter to Jefferson Circuit Court for immediate ruling on Matthews's pending motion for reconsideration. *Id.* at 776. On July 29, 1996, the circuit court denied the motion, thus leaving in place the August 10, 1999, decision overruling Matthews's Rule 11.42 motion. *Id.* at 882-90.

Matthews next appealed the circuit court's denial of his Rule 11.42 motion to the Supreme Court of Kentucky. On November 27, 1997, the Supreme Court of Kentucky affirmed the trial court's decision to deny him relief. *Matthews v. Commonwealth*, Case No. 96-SC-805-MR (Ky. Nov. 27, 1997). On March 19, 1998, the Supreme Court of Kentucky denied his motion for a rehearing, and on October 5, 1998, the U.S. Supreme Court denied his petition for a writ of certiorari review. Matthews then brought his claims to this federal forum.

---

[4]Due to Judge Shobe's retirement, the matter was submitted to another judge, who ruled on the Commonwealth's motion for reconsideration.

Though the Commonwealth argues that no evidentiary hearing is permitted here because the documents attached to Matthews's motion to reconsider were improperly filed, Matthews's failure to attach the documents in question to his original Rule 11.42 motion does not automatically catapult him into the category of petitioners who have failed to develop the factual basis of their claims in state court.[5]  Nowhere in the decisions by the state trial court or the Supreme Court of Kentucky did the Kentucky courts rule that Matthews's original motion was factually deficient or that the documents attached to the reconsideration motion were improperly filed.  Moreover, the Supreme Court of Kentucky took the documents into substantive consideration when it ruled on Matthews's request for relief under Rule 11.42.  *See Matthews v. Commonwealth*, No. 96-SC-805 (Ky. Nov. 27, 1997) (noting that "[m]uch of the evidence that was omitted was hearsay, cumulative, conflicting and in some cases, harmful to the defense").

---

[5]To the extent that the Commonwealth relies on *Baja v. DuCharme*, 187 F.3d 1075 (9th Cir. 1999) and *Smith v. Bowersox*, 311 F.3d 915 (8th Cir. 2002) in support of its argument, both cases are inapposite.  In *Baja*, the state court denied Baja's ineffective assistance of counsel claim because he had not come forward with requisite evidence outside of the record to support his claim.  The federal district court denied an evidentiary hearing, and the Ninth Circuit concurred that he was not entitled to hearing.  It noted that Baja failed to develop the factual basis of his claims in state court because he did not comply with a state procedural rule that required him to come forward with affidavits or other evidence to support his ineffective assistance of counsel claims.  *Id.* at 1079.  And in *Smith*, the state trial court denied an evidentiary hearing on Smith's ineffective assistance claims because he failed to allege with any degree of specificity the evidence or testimony counsel would have been able to present.  At the federal appellate level, the *Smith* Court concluded that Smith had failed to develop the factual basis of his claims because he failed to comply with the requisite state procedural rule when seeking post-conviction relief.

Unlike the situations presented to the courts in *Baja* and *Smith*, this court has not discovered any place in the state court record and the Commonwealth has pointed to no such instance where the trial court or the Supreme Court of Kentucky deemed Matthews's original postconviction motion factually insufficient or concluded that he failed to comply with state law in alleging his claims or attaching documents to his motion to reconsider to support his claims. In fact, both courts ruled on the substance of Matthews's various claims and considered the documents when undertaking a substantive review of his Rule 11.42 motion.

Thus, the Supreme Court of Kentucky did not treat the factual contentions as procedurally improper.  Notably, the Commonwealth conceded as much during a telephonic conference with this court.  Accordingly, the documents are part of the state court record.

Those documents, to which the Commonwealth objected, are part and parcel of the state court record, which must be considered by this court when reviewing Matthews's habeas claims under the appropriate standards of review.  *See, e.g., Holland v. Jackson*, 542 U.S. 649, 651-52 (2004) ("In this and related contexts we have made clear that whether a state court's decision was unreasonable must be assessed in light of the record the court had before it."); *Yarborough v. Gentry*, 540 U.S. 1, 6 (2003) (per curiam) (denying relief where state court's application of federal law was "supported by the record"); *Miller-El v. Cockrell*, 537 U.S. 322, 348 (2003) (reasonableness of state court's factual finding assessed "in light of the record before the court").  Accordingly, the court rejects the Commonwealth's argument that Matthews's failure to attach these documents to his original Rule 11.42 postconviction motion deprives him of an evidentiary hearing in this court.

### 2.  Documents attached to the federal habeas petition

The Commonwealth also objects to the court's granting Matthews an evidentiary hearing because it claims that he attached documents to his federal habeas petition that allege new facts, which he never presented to the state courts.[6]  The Commonwealth maintains that these contentions are procedurally defaulted, and as a result, the court may not grant Matthews an evidentiary hearing.  A petitioner cannot procedurally default *facts*; he can, however,

---

[6]The court has reviewed those documents, and most are affidavits from family and friends of Matthews, who would have testified at Matthews's trial to the extensive mental illness and alcoholism plaguing the Matthews family.  They also would have provided non-statutory mitigating evidence in the penalty phase of Matthews's trial had they been called to testify.

8

procedurally default his *claims*. As discussed more fully below, it is possible for a petitioner to present new evidence in his federal habeas petition that dramatically changes the nature of his claim to such an extent that he has essentially presented a new *claim* that was never before presented in the state courts. That is not the immediate issue, however.

The Commonwealth has cause to object to the *manner* in which Matthews presented the documents to this court. In looking at the situation more closely, this court discerns the following two issues: (1) did Matthews properly present the documents to this court for consideration? and (2) does the new evidence contained therein fundamentally alter his claims to such an extent that he has in essence asserted new claims never before presented to the state courts?

As a preliminary point, this court observes that presenting and developing new evidence in a federal habeas action is nothing novel. In fact, the federal habeas corpus statutory scheme contemplates as much with respect to factual determinations presumed correct by the state court. *See* § 2254(e)(1). A petitioner will present new evidence to the federal court in addition to what has been presented to the state courts in order to "rebut[] the presumption of correctness by clear and convincing evidence." *Id.* Moreover, after commencing a habeas action, a petitioner may file other documents with the court, such as a memorandum in support of his petition, parts of the state court record, a motion for an evidentiary hearing,[7] a motion for discovery, or a motion for leave to expand the record with affidavits and documents. In fact, expansion of the record to

---

[7]Here, Matthews supported his motion for an evidentiary hearing with the new documents attached to his habeas petition. Under Sixth Circuit case law, a petitioner must proffer "some evidence" to support the theory before a district court can grant an evidentiary hearing on the claim. *Bowling v. Parker*, 344 F.3d. 487, 512 (6th Cir. 2003). Matthews provided the requisite "some evidence" to support his theory and justify the hearing in this court.

include affidavits may prevent a summary dismissal of the petition under Rule 4 of the Rules

Governing 2254 Cases in the United States District Courts.

> If the petitioner fails to accompany the petition with a comprehensive memorandum on the merits or one or more fact-development motions [*e.g.,* motion to expand the record or for an evidentiary hearing] and thereby forgoes the opportunity more extensively to explain the nature of the claims of constitutional error in the petition, the petitioner may increase the likelihood that the district court improperly will dismiss the petition summarily pursuant to Rule 4.

Randy Hertz & James S. Liebman, *Federal Habeas Corpus Practice and Procedure*, § 11.7d (4th

ed. 2001) (citing *Hill v. Lockhart*, 474 U.S. 52 (1985); *Mulero v. LeFevre*, 873 F.2d 534, 536 (2d

Cir. 1989)).

    Though a habeas applicant may seek introduction of new evidence at the federal level, he

cannot willy-nilly submit new evidence to the federal court without regard to the proper

procedures for doing so.  The governing rules set forth the proper mechanism for introducing

new evidence and developing the factual bases of claims in federal court.  *See* 28 U.S.C. foll. §

2254, Rules 5-8.  For example, a court may and usually does direct the respondent to file relevant

portions of the state record.[8]  It may provide funds for investigative and expert assistance.[9]  It

may allow discovery, which turns up facts sufficient to warrant an evidentiary hearing.[10]  A court

---

[8]*See* 28 U.S.C. foll. § 2254, R. 5.

[9]*See McFarland v. Scott*, 512 U.S. 849, 855 (1994) ("The services of investigators and other experts may be critical in . . . a habeas corpus proceeding, when possible claims and their factual bases are researched and identified.")

[10]*See* 28 U.S.C. foll. § 2254, R. 6(a).  The rule entitles litigants "to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so."  The Advisory Committee Notes to this rule approves the use of discovery in appropriate cases *before* the district court grants an evidentiary hearing.  Quoting *Harris v. Nelson*, 394 U.S. 286, 301 n.7 (1969), the Notes state, "Discovery may, in appropriate cases, aid in developing facts necessary

(continued...)

may on its own or by way of the petitioner's motion expand the record through affidavits or newly developed or discovered documentary or physical evidence.[11]  And, it may hold an evidentiary hearing.[12]

Yet, before a petitioner may introduce new evidence in the federal court habeas case, he must establish that he did not fail to develop the factual basis of his claims in state court. *Holland v. Jackson*, 542 U.S. 934 (2004) (holding that a petitioner who seeks to submit new evidence in his federal habeas petition without an evidentiary hearing must meet the requirements of § 2254(e)(2)).  In its prior order, this court concluded that Matthews was not at fault for the lack of factual development in state court.  Though he sought an evidentiary hearing in state court, it deprived him of one.  With respect to the new documents attached to Matthews's petition and never before presented to the state courts, such does not mean Matthews failed to develop the factual basis in state court as the Commonwealth suggests.  What is absent here, however, is Matthews's invocation of the proper procedural mechanism for getting those documents before this court.

---

[10](...continued)
to decide whether to order an evidentiary hearing or to grant the writ following an evidentiary hearing."  *See also Lynott v. Story*, 929 F.2d 228, 232-33 (6th Cir. 1991) (holding that courts must provide discovery only "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore, entitled to relief....'" (quoting *Harris*, 394 U.S. at 300); *see also Bracy v. Gramley*, 520 U.S. 899, 904 (1997) ("[H]abeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course" but "discovery [is] available under the Federal Rules of Civil Procedure . . . for good cause shown.")

[11]28 U.S.C. foll. § 2254, R. 7.

[12]28 U.S.C. foll. § 2254, R. 8

Matthews could have moved to expand the record to include these documents pursuant to Rule 7, which permits expansion of the record by leave of the court. Subsection (a) provides that the record may be expanded to include "additional materials relating to the petition." Subsection (b) expressly states the evidence presented through an expanded record may include documents, exhibits, affidavits, and written interrogatories issued by the judge. In the interests of simplicity, the court will construe the new attachments to Matthews's petition as a motion for leave to expand the record pursuant to Rule 7. The Commonwealth, however, must be given the proper opportunity to "admit or deny their correctness." 28 U.S.C. foll. § 2254, R. 7(c).

The Commonwealth has not had this particular opportunity to respond in accordance with Rule 7; it has merely registered a wholesale rejection to the *fact* that the documents were attached to the original petition. The court suspects that many of these fact witnesses will be called to testify at the evidentiary hearing currently scheduled for the spring of 2006.[13] In either instance, Matthew is reminded that if the evidence he seeks to introduce by way of an expansion of the record with these documents or through the evidentiary hearing to be held in the spring dramatically alters the nature of the claims he presented to the state courts, he will have presented this court with unexhausted or procedurally defaulted claims. *See Vasquez v. Hillery*, 474 U.S. 254 (1986); *Morse v. Trippett*, 37 Fed.Appx. 96 (6th Cir. Feb. 20, 2002).

In *Vasquez*, the district court expanded the record to include evidence never before presented to the state courts. The Supreme Court held that the evidence "did not fundamentally alter the legal claim already considered by the state courts, and, therefore, did not require that

_____

[13]By prior order the court limited testimony from fact witnesses to cross-examination and rebuttal because Matthews will provide an affidavit testimony of the witnesses, which will serve as direct examination.

12

respondent be remitted to state court for consideration of that evidence." *Vasquez*, 474 U.S. at 260. Citing *Vasquez* and other cases and referencing evidence produced at the evidentiary hearing, the Sixth Circuit in *Morse* noted that because the petitioner had presented a claim that "was dramatically different and considerably stronger" than the claim he had presented to the state court, he had not given that state court a full and fair opportunity to consider the claim. *Morse*, 37 Fed.Appx at 104. It was a "wholly different animal," the court observed, as this was "not a case where Morse simply offered additional bits of evidence to support his state claim in the district court." *Id*. at 105. Accordingly,

      **IT IS HEREBY ORDERED** that the Commonwealth's motion to reconsider (DN 206) this court's order granting an evidentiary hearing is **DENIED**.

      **IT IS FURTHER ORDERED** that the Commonwealth shall file **no later than January 20, 2006**, its response to Matthews's motion for leave to expand the record with new documents attached to his habeas petition. If the Commonwealth denies some part of the affidavits, it may submit controverting affidavits or material along with its response. Matthews's reply memorandum, if any, is due **no later than February 3, 2006**.

Date:

cc:     Counsel of Record
         4412.44AN.002

13